IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID MATTHEW LAYTON, #751249, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0104 |
| | § | |
| RANDALL C. SIMS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

On this date came for consideration defendant Sims' motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Defendant Sims moves that this Court dismiss this lawsuit based upon the case not having been filed before expiration of the two-year statute of limitations. Defendant Sims bases his argument upon the fact that plaintiff Layton, in the Texas courts, moved for DNA testing during the year 2002. Plaintiff Layton's motion was ultimately denied by the trial court and that decision was affirmed on appeal. Defendant Layton made another request for DNA testing in the state courts during the year 2010, which was also denied by the trial court whose decision was affirmed on appeal. Defendant Sims argues plaintiff Layton was aware, or should have been aware, of his cause of action in 2002 when he made his first request for DNA testing.

After review of the motion to dismiss, it is the opinion and finding of the undersigned United States Magistrate Judge that the motion to dismiss should be denied without prejudice. It is the recommendation of the Magistrate Judge that the motion be denied because there is

insufficient information upon which the Court can make a determination as to whether the statute of limitations has or has not run. Before this Court can conduct any meaningful analysis of whether plaintiff's cause of action accrued in 2002, and, more importantly, whether the 2010 motion begins a new limitations period, additional information is required. First any such analysis depends upon how the Texas courts treated the two different motions. If the Texas courts denied the 2010 motion on the merits, a different issue is presented regarding limitations than if the Texas court denied the 2010 motion as being a successive motion or barred by collateral estoppel and/or res judicata as presenting the same grounds as the 2002 motion which had been denied.

Consequently, since disposition of the motion requires the Court to go outside the pleadings on file and would require submission of the state court pleadings and rulings from 2002 and 2010, the motion to dismiss must be denied. A motion to dismiss pursuant to Rule 12(b)(6), must be based only upon the pleadings in the plaintiff's complaint. The Court may not go outside the complaint except in very limited circumstances. *Boyd v. Driver*, 579 F.3d 513 (5th Cir. 2009).

In addition to recommending that the motion to dismiss be denied, the Magistrate Judge further recommends that the denial be without prejudice to defendant reurging limitations either at trial, in a motion for summary judgment, or in a supplemental motion for summary judgment with all necessary summary judgment evidence included.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this 14th day of March, 2012.


          _____
          CLINTON E. AVERITTE
          UNITED STATES MAGISTRATE JUDGE


        *** NOTICE OF RIGHT TO OBJECT ***

 Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).